FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME CASTELLANOS-AVALOS,<br><br>Defendant. | NO: 2:19-CR-135-RMP-1<br><br>ORDER GRANTING MOTION TO DISMISS INDICTMENT AND MEMORIALIZING COURT'S ORAL RULINGS |

BEFORE THE COURT is Defendant's Motion to Dismiss Indictment, ECF No. 53. On September 4, 2019, Mr. Castellanos-Avalos was indicted for violating 8 U.S.C. § 1326, Alien in the United States After Deportation. ECF No. 20. Mr. Castellanos-Avalos moves to dismiss the Indictment by collaterally attacking the removal proceedings upon which the Indictment is premised, pursuant to 8 U.S.C. § 1326(d).

A hearing was held on this matter on August 7, 2020, via videoconference, due to the ongoing COVID-19 pandemic. The Court informed Mr. Castellanos-Avalos of his right to have the hearing in person, and he agreed to proceed via

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 1

videoconference. He was represented by his attorney, J. Stephen Roberts. The Government was represented by Assistant United States Attorney Michael Ellis. Both attorneys appeared via videoconference. After hearing from counsel and considering the record and the briefing, the Court granted Mr. Castellanos-Avalos's Motion to Dismiss Indictment. This Order is entered to memorialize the Court's oral ruling.

## BACKGROUND

Mr. Castellanos-Avalos entered the United States without inspection in 1989. ECF No. 53-4 at 3. His parents brought him to the United States when he was a child, along with his siblings. *Id*. Mr. Castellanos-Avalos's parents raised him and his siblings in Quincy, Washington, and he graduated from Quincy High School in 2003. *Id*. When he was a child, his father was a legal permanent resident, and submitted a Form I-130, Petition for Alien Relative, on his behalf. While the petition was approved in 2002, Mr. Castellanos-Avalos was given a priority date and placed in a queue, as no visa was available at that time. *Id*.

In 2005, Mr. Castellanos-Avalos pleaded guilty to Possession of Stolen Property and Reckless Endangerment. ECF No. 53-4 at 3. After finishing his state sentence, he was transferred to immigration custody. *Id*. Mr. Castellanos-Avalos obtained an immigration attorney, Ted Mahr. In October of 2005, Mr. Castellanos-Avalos appeared before the Immigration Judge (IJ) with Mr. Mahr, and Mr. Mahr conceded removability. Mr. Mahr then asked to file a brief concerning potential

1  relief for Mr. Castellanos-Avalos. *Id*. at 4. The IJ stated, "[I]t does not appear your
2  client is eligible for any kind of relief . . ." However, the IJ allowed Mr. Mahr to
3  submit additional briefing. ECF No. 53-3 at 16.

4       On November 8, 2005, Mr. Mahr submitted a two-paragraph brief to the IJ,
5  covering two topics. *See* ECF No. 53-6 at 28. First, the brief stated that Mr.
6  Castellanos-Avalos's family had filed an application for Lawful Permanent
7  Residence (LPR) on his behalf. *Id*. However, as Defendant notes now, that was not
8  true; Mr. Castellanos-Avalos's family submitted a Form I-130, Petition for Alien
9  Relative, on his behalf. Secondly, Mr. Mahr stated that Mr. Castellano-Avalos's
10 family "has asked me to file a pardon to the Governor's office on behalf of Mr.
11 Castellanos to pardon him for Possession of Stolen Property, Reckless
12 Endangerment, and Possession of Marijuana." *Id*.

13      On November 25, 2005, the IJ held the final removal hearing and concluded
14 that Mr. Castellanos-Avalos was not eligible for any relief and ordered that he be
15 removed to Mexico. *See* ECF No. 53-3 at 18–21; ECF No. 53-1 at 6. At the
16 hearing, Mr. Mahr noted that he would be reserving an appeal. ECF No. 53-3 at 20.
17 On March 16, 2006, Mr. Mahr filed an appeal, but that appeal did not identify any
18 errors, nor did it cite any law. *See* ECF No. 53-6 at 161. It was merely a one-
19 paragraph statement regarding the hardship that Mr. Castellanos-Avalos would face
20 if he were removed to Mexico. *See id*. The Bureau of Immigration Affairs (BIA)
21 affirmed the IJ's decision on April 12, 2006.

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 3

1    Prior to that date, Mr. Castellanos-Avalos had retained separate counsel,
2    Manuel Rios III, for the purpose of filing a bar grievance and complaint against Mr.
3    Mahr.  Mr. Castellanos-Avalos's bar complaint did not result in any disciplinary
4    action.  However, in 2009, Mr. Mahr was suspended for three years based on his
5    conduct in 19 separate immigration matters.  *See* ECF No. 53-4 at 14.

6    In 2010, Mr. Mahr was disbarred.  *Id*. at 15.  Mr. Mahr had failed to appear at
7    hearings, failed to file applications, failed to file an appeal, failed to adequately
8    communicate with clients, forged a client's signature, and had failed to inform
9    clients and opposing counsel of his suspension and continued to accept fees while
10   suspended.  *Id*.

11   On September 4, 2019, Mr. Castellanos-Avalos was indicted for being an
12   alien in the United States after deportation pursuant to 8 U.S.C. § 1326.  ECF No.
13   20.  Now, Mr. Castellanos-Avalos moves to dismiss the indictment by collaterally
14   attacking the November 25, 2005 deportation pursuant to 28 U.S.C. § 1326(d).

## DISCUSSION

16   Pursuant to 8 U.S.C. § 1326(d), a defendant may collaterally attack an
17   underlying removal order.  To succeed in a collateral attack, the defendant must
18   demonstrate: (1) exhaustion of "any administrative remedies that may have been
19   available to seek relief against the order"; (2) that "the deportation proceedings at
20   which the order was issued improperly deprived the alien of the opportunity for
21

judicial review"; and (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010).

### A. First and Second Prongs of 8 U.S.C. § 1326(d)

With respect to the first prong of 8 U.S.C. § 1326(d), exhaustion of administrative remedies is not required when the Immigration Judge (IJ) fails to inform the alien that he is eligible for relief from deportation. *United States v. Ubaldo-Figeuroa*, 364 F.3d 1042, 1049 (9th Cir. 2015); *see also United States v. Contreras*, 1:16-cr-2037-SAB (April 3, 2017, E.D. Wash.) (filed at ECF No. 57-3). Regarding the second prong, a defendant is deprived of the opportunity for judicial review when he is "not made aware that he has a right to seek relief." *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n. 2 (9th Cir. 2004); *see also United States v. Gonzalez-Flores*, 804 F.3d 920, 927 (9th Cir. 2015); *United States v. Frias-Flores*, 425 F. App'x 640, 642 (9th Cir. 2011) ("Because the IJ did not inform [Defendant] of his right to appeal, [Defendant] has been exempted from or met the first two requirements of 8 U.S.C. § 1326(d).").

Here, the first prong, exhaustion of administrative remedies, is excused because the IJ failed to inform Mr. Castellanos-Avalos that he had the right to apply for pre-conclusion voluntary departure. Additionally, Mr. Mahr, Mr. Castellanos-Avalos's attorney, did not inform him that he could apply for such relief. Accordingly, the Court finds that Mr. Castellanos-Avalos is excused from the exhaustion requirement.

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 5

Regarding the second prong, because neither Mr. Castellanos-Avalos's attorney nor the IJ informed Mr. Castellanos-Avalos of his right to apply for relief in the form of pre-conclusion voluntary departure, Mr. Castellanos-Avalos was deprived of the opportunity for judicial review. As the first two prongs of 8 U.S.C. § 1326(d) have been met or likely excused, the success of Mr. Castellanos-Avalos's collateral attack turns on the third prong of 8 U.S.C. § 1326, which asks if the prior removal was fundamentally unfair.

### B. Third Prong of 8 U.S.C. § 1326(d): Whether the Prior Removal was Fundamentally Unfair

The third prong considers whether the entry of the underlying removal order was fundamentally unfair. 8 U.S.C. § 1326(d)(3). "An underlying removal order is fundamentally unfair if an alien's 'due process rights were violated by defects in the underlying deportation proceeding,' and if 'he suffered prejudice as a result of the defects.'" *Ramos*, 623 F.3d at 680 (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).

*Violation of Due Process Rights*

Defendant argues that his due process rights were violated on two grounds. First, he asserts that his attorney, Mr. Mahr, provided ineffective assistance of counsel. Secondly, he argues that the IJ failed to comply with 8 C.F.R. § 1240.11(a)(2), which requires the IJ to advise aliens on apparent eligibility for relief from removal. *See United States v. Gonzalez-Flores*, 804 F.3d 920, 927 (9th Cir. 2015) ("Because an alien is entitled to the procedure set forth in 8 C.F.R. §

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 6

1240.11(a)(2) . . . an IJ's failure to comply with this procedure violates the alien's right to procedural due process."); *see also United States v. Frias-Flores*, 425 F. App'x 640, 642 (9th Cir. 2011) (discussing IJ's failure to inform alien adequately of eligibility for pre-conclusion voluntary departure and to consider his eligibility for that relief); *Zamudio-Pena v. Holder*, 333 Fed. App'x. 165, 167 (9th Cir. 2009) (finding that defendant's due process rights were violated during his prior removal proceedings when IJ failed to inform him of his apparent eligibility for pre-conclusion voluntary departure).

Noncitizens have a right to effective assistance of counsel in deportation proceedings, at no expense to the Government, under the Fifth Amendment. *See United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014). The Ninth Circuit has explained, "An alien's 'right to a full and fair presentation of his claim include[s] the right to have an attorney who would present a viable legal argument on his behalf supported by relevant evidence, if he could find one willing and able to do so.'" *Id*. To demonstrate ineffective assistance of counsel in an immigration proceeding, Mr. Castellanos-Avalos must show: "(1) that the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) prejudice." *Id*.

The Ninth Circuit has held that where "an attorney did not make a considered determination as to the viability of arguments that would benefit an alien," that alien received ineffective assistance of counsel. *Id*. With respect to the prejudice prong

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 7

of ineffective assistance of counsel in immigration proceedings, the alien need only show that counsel's error "may have affected the outcome of the proceedings." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004).

Here, Mr. Castellanos-Avalos's attorney, Mr. Mahr, did not inform him of his right to seek pre-conclusion voluntary departure, or argue for such relief. *See* ECF No. 53-2 at 4–5. In his declaration, Mr. Rios explains the significance of Mr. Mahr's failure to argue for pre-conclusion voluntary departure:

> At the time of Mr. Castellanos's final hearing, on November 25, 2005, he was clearly eligible for relief from removal in the form of pre-conclusion voluntary departure. 8 U.S.C. § 1229c(a). No other form of relief was available to Mr. Castellanos at that time. . . . the only reasonable course of action under the circumstances at the time of the hearing . . . would have been to counsel Mr. Castellanos to request pre-conclusion voluntary departure. . . .

*Id.* at 5. Additionally, it appears that Mr. Mahr was unaware of the facts of Mr. Castellanos-Avalos's case such that he misinformed the IJ about the nature of Mr. Catellanos-Avalos's approved visa petition. Furthermore, the BIA appeal that Mr. Mahr filed in Mr. Castellanos-Avalos's case contained no citation to law and did not identify any errors. *See* ECF No. 53-4 at 5.

Mr. Mahr subsequently was disbarred for his conduct in immigration proceedings. Upon review of the record, it is apparent that Mr. Castellanos-Avalos complained of conduct similar to the type of conduct for which Mr. Mahr was disbarred. *See* ECF No. 53-6 at 4–16 (Mr. Castellanos-Avalos's Bar Complaint). For example, Mr. Castellanos-Avalos explains in his 2006 Bar Complaint against

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 8

Mr. Mahr that Mr. Mahr failed to investigate his case, made misrepresentations to the IJ about his case, and failed to investigate forms of relief available to Mr. Castellanos-Avalos. *See id*.

The Court finds that Mr. Mahr's conduct regarding Mr. Castellanos-Avalos's 2005 removal proceedings prevented Mr. Castellanos-Avalos from reasonably presenting his case. Additionally, Mr. Castellanos-Avalos has demonstrated that Mr. Mahr's conduct "may have affected the outcome of the proceedings" such that he was prejudiced, especially because Mr. Mahr failed to argue for pre-conclusion voluntary departure. Accordingly, Mr. Castellanos-Avalos has demonstrated that his Fifth Amendment due process rights were violated under an ineffective assistance of counsel theory.

Moreover, regardless of whether Mr. Mahr provided ineffective assistance, the IJ violated Mr. Castellanos-Avalos's due process rights when he failed to inform Mr. Castellanos-Avalos of his right to apply for pre-conclusion voluntary departure. *See Gonzalez-Flores*, 804 F.3d at 927; *see also Frias-Flores*, 425 F. App'x at 642; *Zamudio-Pena v. Holder*, 333 Fed. App'x. at 167.

### *Prejudice: Determining the Existence of Plausible Grounds for Relief*

Next, to decide if the contested proceedings were fundamentally unfair such that the third prong of 8 U.S.C. § 1326(d) is satisfied, the Court must consider whether Mr. Castellanos-Avalos was prejudiced. The defendant establishes that he was prejudiced when he shows that he had "plausible grounds for relief" from the

underlying order. *United States v. Flores*, 901 F.3d 1150, 1162 (9th Cir. 2018) (quoting *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014)).

The Ninth Circuit has explained that a defendant shows that he had plausible grounds for relief when he demonstrates that it is more than "merely conceivable or possible [] that an IJ would have granted the relief for which he was apparently eligible." *United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015). Reviewing courts follow a two-step process when deciding whether a defendant had plausible grounds for relief such that he was prejudiced for the purposes of 8 U.S.C. § 1326(d). *Id*. at 917. The Ninth Circuit has described that process as follows:

> First, we identify the factors relevant to the IJ's exercise of the discretion for the relief being sought. Next, we determine whether, "in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of the alien's own case, it was plausible (not merely conceivable) that the IJ would have exercised his discretion in the alien's favor."

*Id*. at 917 (quoting *Rojas-Pedroza*, 716 F.3d at 1263 (quoting *Barajas-Alvarado*, 655 F.3d at 1089))).

This case involves the failure of the IJ to notify Mr. Castellanos-Avalos of his ability to apply for a pre-conclusion voluntary departure. Thus, the Court must consider the discretionary factors relevant to an IJ's decision regarding voluntary departure. *See id*. Those factors are "the alien's positive and negative equities." *Id*. The negative equities that an IJ considers include: "the nature and underlying circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record;

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 10

and other evidence of bad character or the undesirability of the applicant as a permanent resident." *Valdez-Novoa*, 780 F.3d at 917 (quoting *Matter of Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (BIA 1999)). The positive equities that an IJ considers "are compensating elements such as long residence here, close family ties in the United States, or humanitarian needs." *Id*. (quoting *Matter of Arguelles Campos*, 22 I. & N. Dec. at 817).

Upon review of the record, the Court finds that Mr. Castellanos-Avalos has notable positive equities, such that it was plausible that he would receive relief in the form of pre-conclusion voluntary departure. For instance, Mr. Castellanos-Avalos was brought to the United States as a child and had lived in the United States for most his life by 2005. He had no prior deportations, he had graduated high school, and he had a positive employment record. Additionally, his parents are legal permanent residents, and his Form I-130 had been approved. Had pre-conclusion voluntary departure been considered, it is plausible that it would have been granted. Upon showing that he had a plausible ground for relief in the form of pre-conclusion voluntary departure, Mr. Castellanos-Avalos has demonstrated that he was prejudiced.

The Government argues that Mr. Castellanos-Avalos was not prejudiced because, despite any errors by the IJ and by Mr. Mahr, Mr. Castellanos-Avalos would not have accepted pre-conclusion voluntary departure. However, the Court agrees with Mr. Castellanos-Avalos that he need only prove plausible relief. The

ORDER GRANTING MOTION TO DISMISS INDICTMENT AND
MEMORIALIZING COURT'S ORAL RULINGS ~ 11

1 burden is not on the defendant to show that he would have received and would have
2 accepted a particular form of relief to demonstrate prejudice under 8 U.S.C. §
3 1326(d)(3).

4     Because Mr. Castellanos-Avalos has shown a violation of his due process
5 rights and that he was prejudiced, he has demonstrated that entry of the 2005
6 removal order was fundamentally unfair for the purposes of 8 U.S.C. § 1326(d).

7     **C. Mr. Castellanos-Avalos's *Pro Se* Filings**

8     The Government argues that Mr. Castellanos-Avalos does not meet the prongs
9 of 8 U.S.C. § 1326(d) because, unlike many other aliens who are not informed of
10 their right to appeal, Mr. Castellanos-Avalos actually appealed multiple times in this
11 case and simply failed to raise the issue of pre-conclusion voluntary departure. The
12 Government points out that Mr. Castellanos-Avalos petitioned the Ninth Circuit to
13 review the BIA's decision and filed a Petition for Writ of Habeas Corpus and a
14 Motion to Reopen. *See* ECF Nos. 56-6–56-11. Mr. Castellanos-Avalos took these
15 actions *pro se*. The Government asserts that Mr. Castellanos-Avalos knew about the
16 potential for pre-conclusion voluntary departure when he submitted these filings on
17 his own behalf, but he failed to raise it as an issue to be considered.

18     While the Government's argument is well-taken, the Court finds that the
19 circumstances surrounding Mr. Castellanos-Avalos's 2005 removal proceedings
20 satisfy 8 U.S.C. § 1326(d). The Government's argument does not negate the fact
21 that (1) Mr. Mahr failed to inform Mr. Castellanos-Avalos of his option to seek pre-

conclusion voluntary departure; (2) Mr. Mahr did not argue for pre-conclusion voluntary departure; and (3) the IJ did not inform Mr. Castellanos-Avalos of his right to apply for pre-conclusion voluntary departure. The Court finds that it is not reasonable to expect that Mr. Castellanos-Avalos would have raised the issue of pre-conclusion voluntary departure in his subsequent, *pro se* filings, especially given that his attorney and the IJ presiding over his 2005 immigration proceedings did not acknowledge it as a potential basis for relief in his case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Case, **ECF No. 53**, is **GRANTED**.

2. The Indictment, filed on September 4, 2019, is **DISMISSED WITH PREJUDICE**.

3. All future court dates are **STRICKEN**, and all pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** August 11, 2020.

                                  *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge